# THE SUPREME COURT

#### OF THE

# STATE OF NEVADA

### JANUARY TERM, 1922

[No. 2536]

IN THE MATTER OF THE APPLICATION OF H. WANA-
TABE FOR A WRIT OF HABEAS CORPUS.

[202 Pac. 1117]

1. MOOT QUESTION.
   When a question presented for determination has become
   moot, the court will not pass upon it.

ORIGINAL PROCEEDING by H. Wanatabe for a writ of
habeas corpus. Writ dismissed.

*M. B. Moore,* for Petitioner.

*L. D. Summerfield,* District Attorney, and *Harlan L.
Heward,* Assistant District Attorney, for Respondent.

By the Court, DUCKER, J.:

This is an original proceeding in habeas corpus. The
petition and return show that petitioner was held to
the district court of the Second judicial district in and
for the county of Washoe, by the justice of the peace
of Reno township acting as committing magistrate in
said county, on a charge of having narcotic drugs in
his possession, and was confined in the county jail of
said county by the sheriff thereof, pursuant to the

commitment issued by said committing magistrate. On the hearing of the return to the writ in this court it was urged that petitioner was unlawfully confined in said county jail, because the magistrate had no jurisdiction to make the order holding him to answer. It was contended that there was no legal evidence before the magistrate upon which he could find that there was sufficient cause to believe the petitioner guilty of the offense charged. The case was orally argued in this court and submitted for consideration and decision. It has been recently brought to our attention that, since the submission of the case to this court, petitioner has entered a plea of guilty in said justice's court to the charge of having an opium pipe in his possession; that he was fined therefor, and subsequently, on motion of the state's attorney, the information filed against him, pursuant to the order holding him to answer, was dismissed by order of the district court, and the petitioner discharged from the custody of the sheriff. The petitioner having been released from the imprisonment which he alleged in his petition was illegal, the question presented for determination has become, therefore, a moot question, and we decline to pass upon it.

The writ is dismissed.